IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| | 10-cr-12-bbc |
| | 13-cv-552-bbc |
| v. | |
| RICHARD E. CRAYTON, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Richard E. Crayton has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he is eligible for relief under the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). It appears that defendant is correct, but before I rule on the motion, I will allow the government an opportunity to be heard.

Defendant was charged by indictment with the crime of knowingly and intentionally distributing a mixture or substance containing heroin that resulted in the death of N.H. from the use of the substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). At trial, the jury found defendant guilty of the distribution but was unable to reach a unanimous verdict on the special verdict question whether the distribution had resulted in N.H.'s death. At sentencing I found by a preponderance of the evidence that the heroin had led to her death and imposed the mandatory minimum sentence of twenty years under 21 U.S.C. §

1

841(b)(1)(C).

At the time of sentencing, the law was that a sentencing court could not sentence a defendant above the prescribed statutory maximum sentence unless the fact leading to the increased penalty had been found by the jury, Apprendi v. New Jersey, 530 U.S. 466 (2000), but that the court could engage in its own factfinding to increase the mandatory minimum, Harris v. United States, 536 U.S. 545 (2002). In Alleyne, the Supreme Court changed course, holding that judicial factfinding that increased the mandatory minimum sentence was not permissible under the Sixth Amendment. "[A]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2155. In defendant's case, the "fact" of the cause of N.H.'s death was determined by the court, not by the jury.

ORDER

The United States may have until September 4, 2013 in which to show cause why the court should not vacate defendant Richard E. Crayton's sentence and bring him back to this court for resentencing. Defendant may have until September 18, 2013, in which to file a reply, if he wishes.

Entered this 13th day of August, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

2