IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                    OPINION AND ORDER

          Plaintiff,

                                        13-cv-552-bbc

    v.                                        10-cr-12-bbc

RICHARD E. CRAYTON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Richard E. Crayton filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that the sentence imposed on him on March 31, 2011 was illegal under the Supreme Court's recent opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013). In an order entered on August 13, 2013, I directed the government to respond to the motion, saying that defendant might be correct about the effect of the decision on his sentence. This was error. In Alleyne, the Court held that any fact that increases the mandatory minimum penalty for a crime is an "element of the crime" and must be submitted to the jury, but it did not say that its ruling would apply retroactively to cases on collateral review. Only the Supreme Court can determine whether a decision has retroactive effect, so the Court's silence on this point means that the holding does not apply to defendant's sentencing. Therefore, his motion for post conviction relief must be denied.

       Defendant was charged with distributing heroin that resulted in a death, in violation

1

of 21 U.S.C. § 841(a)(1) and (b)(1)(C). His trial took place in February 2011. A jury found him guilty of the distribution of heroin but could not agree on the special verdict question, which was whether the heroin that defendant distributed had resulted in the death of another person. At defendant's sentencing, I found by a preponderance of the evidence that the heroin *had* caused N.H.'s death and sentenced defendant to the mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(C).

Although it was proper to impose the mandatory minimum sentence under the law as it stood at the time of defendant's sentencing, Alleyne makes it clear that it would not be proper in the future. The question for defendant is whether the decision makes his 2011 sentencing improper. Unfortunately for defendant, the answer is "no." Unless and until the Supreme Court holds that Alleyne is applicable to cases on collateral review, the decision has no effect on sentences imposed before June 17, 2013. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). In fact, it is improbable that the Supreme Court will give the decision retroactive effect, when it has never given retroactive effect to its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that only the jury can decide whether the defendant's conduct meets the requirements for a mandatory *maximum* sentence (unless the defendant waives his right to a jury).

As a general rule, rules of procedure, such as the ones announced in Apprendi and in Alleyne do not apply retroactively to cases that became final before the new rule was announced. Teague v. Lane, 489 U.S. 288 (1989). The few exceptions are rules implicating the "fundamental fairness and accuracy of criminal proceedings," such as the ruling

2

announced in Gideon v. Wainwright, 372 U.S. 335 (1963), that a defendant has the right to be represented by counsel in all criminal trials for serious offenses. Saffle v. Parks, 494 U.S. 484, 495 (1990). Although it may seem to defendant that the claim he is bringing is one of fundamental fairness, the Supreme Court has not reached that same decision. Because the Court has the final word on the subject and it has not held that Alleyne has retroactive effect, defendant's motion must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

When the question in a post conviction motion is a close one, the rule allows a court to ask the parties to submit arguments on whether a certificate should issue. In this case, the question is not close. It is not a matter of debate whether Alleyne has retroactive application.

ORDER

IT IS ORDERED that defendant Richard E. Crayton's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is entitled to such relief. Further, it is ordered that no certificate of appealability shall issue. Defendant mayseek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 23d day of September, 2013.

                                        BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge